# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

Maryan H. S.,                                        Civ. No. 19-23 (BRT)

       Plaintiff,

v.                                                 **MEMORANDUM OPINION AND ORDER**

Andrew M. Saul,[1]
Commissioner of
Social Security,

       Defendant.

---

Jyotsna Asha Sharma, Esq., Disability Partners, PLLC, counsel for Plaintiff.

Elvi Jenkins, Esq., Social Security Administration, counsel for Defendant.

---

BECKY R. THORSON, United States Magistrate Judge.

       Pursuant to 42 U.S.C. § 405(g), Plaintiff seeks judicial review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Social Security disability insurance benefits. This matter is before the Court on the parties' cross-motions for summary judgment, in accordance with D. Minn. LR 7.2(c)(1). (Doc. Nos. 11, 13.) For the reasons stated below, Plaintiff's motion is **GRANTED**, and Defendant's motion is **DENIED**.

---

[1]      Andrew M. Saul is now the Acting Commissioner of Social Security. Pursuant to Federal Rule of Civil Procedure 25(d), Andrew M. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

## BACKGROUND

Plaintiff received a high school education in Somalia and moved to the United States in 2004. (Tr. 59, 61.)[2] She currently lives alone. (Tr. 58.) Although Plaintiff has attended some English as a Second Language ("ESL") classes, she does not read or write in English. (Tr. 61.)

Plaintiff worked at a laundry business from 2004 to 2013, which is classified as a medium exertion level job. (Tr. 43, 307.) On October 29, 2015, Plaintiff filed both a Title II application for a period of disability and disability insurance benefits, as well as a Title XVI application for supplemental security income based on various leg and foot ailments.[3] (Tr. 57, 202, 209.) Plaintiff alleged a disability onset date of October 22, 2013. (Tr. 202, 209.)

An Administrative Law Judge ("ALJ") held a hearing on Plaintiff's applications on March 15, 2018. (Tr. 530.) In a decision dated May 2, 2018, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and denied Plaintiff's applications. (Tr. 33, 34.) The ALJ proceeded through the five-step evaluation

---

[2] Throughout this Order, the abbreviation "Tr." is used to reference the Administrative Record. (Doc. No. 10.)

[3] Plaintiff's Social Security form SSA-3368 lists a left meniscal tear as the basis for her disability. (Tr. 237.) This report is inconsistent with medical records indicating a right meniscal tear. (Tr. 529.) The ALJ noted this discrepancy at the hearing. (Tr. 65.) References in the record to a left meniscal tear appear to be in error.

process provided in the Social Security regulations.[4] At issue on this appeal are the ALJ's findings at steps four/five as they relate to Plaintiff's Residual Functional Capacity ("RFC"). Before step four, the ALJ found that Plaintiff had the RFC to perform light work with several lifting, carrying, standing, and walking limitations. (Tr. 25.) At step four, after consulting with a vocational expert ("VE"), the ALJ found that a person with Plaintiff's RFC was unable to perform any past relevant work. (Tr. 32.) At step five, however, the ALJ concluded that a person with Plaintiff's RFC was able to work in certain other occupations that exist in sufficient regional and national markets and therefore found Plaintiff not disabled. (Tr. 32, 33.)

On appeal, Plaintiff argues the ALJ failed to adequately explain the basis of his conclusions pursuant to POMS DI 25025.15. Specifically, Plaintiff argues the ALJ failed to make a finding about the extent of erosion of her occupational base. She further argues that the ALJ's assessment of Plaintiff's RFC as including light work, rather than sedentary, requires remand. Plaintiff argues POMS DI 25025.15 requires that when a claimant's exertional capacity falls between two different classifications, the ALJ must make specific findings regarding whether Plaintiff's functional capacity is significantly or slightly reduced. She argues her RFC should have been restricted to sedentary work

---

[4] *See Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (citation omitted) ("During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work.").

3

because her standing and walking limitations significantly reduced her capacity for a higher RFC (i.e., a higher level of exertion). Plaintiff argues that if her RFC had been properly classified as including only sedentary work, she would have received a determination of disabled as a matter of law.

## ANALYSIS

### I. Standard of Review

Congress has established the standards by which Social Security disability insurance benefits may be awarded. The SSA must find a claimant disabled if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The claimant's impairments must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). The claimant bears the burden of proving that he is entitled to disability insurance benefits under the Social Security Act. *See* 20 C.F.R. § 404.1512(a). Once the claimant has demonstrated that he cannot perform past work due to a disability, "the burden of proof shifts to the Commissioner to prove, first that the claimant retains the [RFC] to do other kinds of work, and, second that other work exists in substantial numbers in the national economy that the claimant is able to do." *Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000) (citations omitted).

The Commissioner's decision is reviewed "for legal error and to ensure that the factual findings are supported by substantial evidence" in the record as a whole. *Hensley v. Barnhart*, 352 F.3d 353, 355 (8th Cir. 2003); 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *accord Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). This standard "allows for the possibility of drawing two inconsistent conclusions." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citations omitted). If it is possible to draw inconsistent conclusions from the record, and one of those conclusions represents the ALJ's findings, the ALJ's decision must be affirmed. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010); *Pearsall v. Massanarri*, 274 F.3d 1211, 1217 (8th Cir. 2001) (stating that the court must affirm even if it would have weighed the evidence differently); *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000) (concluding substantial evidence in the record supporting a contrary outcome was not enough to warrant reversal).

**II.   RFC – Exertional Capacity**

In considering the claimant's RFC,[5] the ALJ should refer to the medical-vocational guidelines, or grids. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). The

---

[5]   The ALJ's RFC determination is "an assessment of what [Plaintiff] can and cannot do, not what [s]he does and does not suffer from." *Mitchell v. Astrue*, 256 F. App'x 770, 772 (6th Cir. 2007); *see also* 20 C.F.R. § 404.1545(a)(1) (stating that a claimant's "residual functional capacity is the most [she] can still do despite [her] limitations"); *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) (defining RFC as "the most a claimant can still do despite his or her physical or mental limitations") (quotations omitted). The ALJ is required to "determine the claimant's RFC based on all relevant

(Footnote Continued on Next Page)

grids are "a set of charts listing certain vocational profiles," including exertional capacity, education, and work experience. *Id.*; 20 C.F.R. § 404, Subpt. P, App. 2, §§ 200.00–204.00. The ALJ should also consider the POMS, *see Shontos v. Barnhart*, 328 F.3d 418, 424 (8th Cir. 2003), and Social Security Regulations, *see* 20 C.F.R. § 402.35(b)(1); *Hajek v. Shalala*, 30 F.3d 89, 92 (8th Cir. 1994).

If the claimant's exertional capacity falls between two of the grid guidelines which direct opposite conclusions, i.e., disabled or not disabled, the ALJ should consider whether the claimant's exertional capacity is slightly or significantly reduced from the higher level of exertion. POMS DI 25025.15(D); SSR 83-12. If the claimant's exertional capacity is neither slightly nor significantly reduced, but rather "somewhere 'in the middle,'" the ALJ should consult a VE. *Id.*; POMS DI 25025.15(D). The ALJ should "[a]lways explain the basis of [his] conclusions." *Id.*

Here, the ALJ found Plaintiff was capable of light work with the following additional limitations:

> lifting and carrying 20 lbs. occasionally, 10 lbs. frequently, sitting for 6 hours, standing and/or walking 2 hours out of an 8 hour day; push or pull as much as can lift and carry; frequent operation of foot controls bilaterally; able to climb ropes and stairs occasionally, climb ladders, ropes, or scaffolds occasionally, occasionally balance on narrow, slippery, or erratically moving surfaces, frequently stoop, occasionally kneel, occasionally crouch, never crawl.

---

evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of [her] limitations." *Papesh v. Colvin*, 786 F.3d 1126, 1131 (8th Cir. 2015) (quotations omitted). "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of the claimant's ability to function in the workplace." *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012) (quotations omitted).

(Tr. 25.) Plaintiff does not dispute these limitations, but argues that they place her between the "sedentary" and "light" categories.

Sedentary jobs require only occasional walking or standing. 20 C.F.R. § 404.1567(a). But light jobs allow for occasionally lifting and carrying 20 pounds, and frequently lifting and carrying 10 pounds, *id.* § 404.1567(b), and "[b]y logical extension," lifting and carrying requires one to be on her feet, *Wilkerson v. Comm'r of Social Security*, 278 F. Supp. 3d 956, 970 (E.D. Mich. 2017). "Occasionally" means "occurring from very little up to one-third of the time" (up to 2.67 hours out of an 8-hour work day). SSR 83-10. "Frequently" means "occurring from one-third to two-thirds of the time" (2.67 to 5.33 hours out of an 8-hour work day). *Id.* Thus, "frequent lifting or carrying"—which is included in the light exertional category—"requires being on one's feet up to two-thirds of a workday . . . ." SSR 83-10. Here, this requirement is at odds with Plaintiff's two-hour standing and walking limitation, and therefore places her between the "light" and "sedentary" exertional categories.[6] Where Plaintiff is limited to standing or

---

6   At least one court has concluded a two-hour standing and walking limitation in conjunction with frequent lifting and carrying is properly within a light work classification. *Esping v. Berryhill*, Civ. No. 17-872 (FLN), 2018 WL 3383433 (D. Minn. July 11, 2018). But that outcome appears to be against the weight of authority in other districts across the country. *Wilkerson v. Comm'r Soc. Sec.*, 278 F. Supp. 3d 956, 970 (E.D. Mich. 2017) (identifying the inconsistencies between a two-hour standing and walking limitation and frequent lifting and carrying); *Bisceglia v. Colvin*, 173 F. Supp. 3d 326, 336 (E.D. Va. 2016) (recommending remand in light of the "obvious conflict between the ALJ's finding that Plaintiff's limitation impeded her ability to perform *all or substantially all* of the requirements of light work, and the ALJ's decision not to use the Grid rules for sedentary work" (internal quotations and citation omitted)); *McClure v. Comm'r Soc. Sec.*, 15cv1312-LAB-RBB, 2016 WL 4628049, at *7 (S.D. Cal. Aug. 9,

(Footnote Continued on Next Page)

walking for two hours, and lifting and carrying necessarily requires one to be on her feet, "not only is [P]laintiff unable to perform the minimum walking/standing requirement for light work, she also cannot meet the minimum lifting and carrying requirements for light work." *Wilkerson*, 278 F. Supp. 3d at 970.

Defendant argues Plaintiff's limitations place her somewhere in the middle of two extremes—slightly and significantly reduced exertional capacity for light work, *see* POMS DI 25025.015(D)—and therefore the ALJ properly consulted a VE. The ALJ explained that he consulted the VE to "determine the extent to which [Plaintiff's] limitations erode the unskilled light occupational base." (Tr. 33.) The VE testified that seated jobs "not in the full range of light" are still classified as light "because of the negligible constant use of force." [7] (Tr. 78.) Defendant argues that "the ALJ was entitled to rely on the VE's testimony" regarding the jobs available at Plaintiff's limited range of light exertional capacity. (Doc. No. 14, Def.'s Mem. 8.) In his decision, the ALJ relied on the VE's testimony after determining it was "consistent with the information contained in the Dictionary of Occupational Titles." (Tr. 33.) Plaintiff, however, maintains the ALJ's reliance on this testimony was in error because "a key component of light jobs is the ability to stand and walk during most of the workday." (Doc. No. 12, Pl.'s Mem. 15.)

---

2016) (concluding the two-hour standing and walking limitation alone requires a classification of sedentary rather than light); *Villarreal v. Colvin*, 221 F. Supp. 3d 835, 851 (W.D. Tex. 2016) (finding "inherent contradictions and incongruities" between a light work classification and two-hour standing and walking limitation); *Campbell v. Astrue*, No. 09-5356, 2010 WL 4689521, at *5 (E.D. Penn. Nov. 2, 2010) (same).

[7] Neither Plaintiff nor Defendant cited authority defining jobs as light based on "negligible constant use of force," and this Court finds none.

Claimants "must be able to perform substantially all of the exertional and nonexertional functions required in work at that level." SSR 96-8; 20 C.F.R. § 404.1567(b). Here, the jobs about which the VE testified are inconsistent with authority regarding the boundary between sedentary and light work. Specifically, light work "requires a good deal of walking or standing, *or* . . . involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (emphasis added). The light jobs cited by the VE in the hearing, and subsequently the ALJ in his decision, do not require a good deal of walking or standing or pushing or pulling or arm or leg controls. DOT # 920.687-126; # 318.687-018. Taking into consideration Plaintiff's standing and walking limitations, the ALJ did not cite any light jobs whose exertional functions Plaintiff could perform. Instead, the ALJ cited light jobs, that, when accommodating for Plaintiff's limitations, are more properly classified as sedentary work. The ALJ did not assess how Plaintiff's RFC maps onto exertional and occupational definitions from the SSR and DOT, respectively.

The grid application of sedentary or light exertional capacity is of the utmost importance because the application is outcome determinative. Again, the relevant standard in making these determinations is that claimants "must be able to perform substantially all of the exertional and nonexertional functions required in work at that level." SSR 96-8; 20 C.F.R. § 404.1567(b). This Court concludes that here the ALJ did not adequately explain the basis for his conclusions. The ALJ failed to resolve the practical inconsistencies of Plaintiff's exertional capacity with the jobs cited by the VE as they are classified, and did not make a finding regarding whether Plaintiff's exertional

9

capacity was slightly or significantly reduced from light work as required by POMS DI 25025.15(D) and SSR 83-12.

This Court concludes that remand is necessary to allow the ALJ to explain the basis for his conclusions as to Plaintiff's exertional capacity. Specifically, the ALJ should address whether Plaintiff's exertional capacity was slightly or significantly reduced from light work. In so doing, the ALJ must be able to reconcile Plaintiff's standing/walking limitations and lifting/carrying requirements with the appropriate exertional classification, i.e., sedentary or light. Finally, the ALJ should consider whether Plaintiff's classification accurately reflects her exertional capacity for jobs when accommodating her limitations.[8]

## ORDER

Based on the foregoing, and all the files, records, and submissions herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Summary Judgment **(Doc. No. 11)** is **GRANTED**;

2. Defendant's Motion for Summary Judgment **(Doc. No. 13)** is **DENIED**;

3. This matter is remanded to the Commissioner for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four), consistent with the above. On remand the ALJ should reconsider Plaintiff's exertional capacity at the light level. The ALJ should explain how Plaintiff's activity limitations (especially the two-hour standing/walking limitation) and light work's frequent lift and carry requirement relate to one another and

---

[8] Because this Court concludes that remand is required, it declines to address Plaintiff's "extent of erosion" argument.

to the definitions of the light and sedentary work classifications. If the ALJ again determines Plaintiff's limitations place her between light and sedentary work, the ALJ must explain why those limitations slightly or significantly reduce her exertional capacity. When reconsidering Plaintiff's exertional capacity, the ALJ should ensure that its decision accurately reflects the exertional functions of jobs available within Plaintiff's limitations.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 26, 2020	*s/ Becky R. Thorson*_____
	BECKY R. THORSON
	United States Magistrate Judge